RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/21/14
         JPB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DONALD DEAL                                    DOCKET NUMBER 1:13-02701

VERSUS

BANK OF NEW YORK                               JUDGE DEE D. DRELL
    MELLON, ET AL.                             MAGISTRATE JUDGE JAMES D. KIRK


<u>REPORT AND RECOMMENDATION</u>

Before the court is a motion to dismiss for lack of jurisdiction and failure to effect service filed by defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") on November 20, 2013 (Doc. 17). The motion was referred to me by the district judge for report and recommendation.

<u>Facts</u>

On August 5, 2013, *pro se* plaintiff Donald Deal ("Deal") filed a complaint in the Ninth Judicial District Court, Rapides Parish, State of Louisiana naming Bank of New York Mellon and Wells Fargo as defendants. In the complaint Deal alleged violations of Louisiana Unfair Trade Practices Act, La.R.S. 51:1405 and 1407, and the Federal Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq*. On August 20, 2013, service was effected upon Bank of New York Mellon through its counsel, Dean Morris, LLP. Deal attempted to serve Wells Fargo on the same date and in the same manner; however, service was invalid as Dean Morris, LLP was not an authorized agent to receive service of process.

On September 19, 2013, Bank of New York Mellon removed the

case to this court noting Well Fargo[1] was never served and never made an appearance.

On or about September 26, 2013, Wells Fargo learned it was named as a defendant in this lawsuit and its counsel contacted Deal to discuss the matter.  What transpired during the conversation is a matter of debate among the parties.  According to Deal, Wells Fargo agreed to waive service in exchange for a 30 days extension to answer.  According to Wells Fargo, Deal advised personal service was forthcoming so it asked for the 30 day extension to answer.  Regardless, the thirty day extension was granted but Wells Fargo never answered.

On October 30, 2013, counsel for Wells Fargo sent a letter to the district judge memorializing a telephone conversation in which it advised Wells Fargo retained her to represent its interests in the matter.  Counsel further advised that Deal had not properly served her client; thus, Well Fargo requested the court deny any default sought by Deal.

On November 18, 2013, Deal filed his request for entry of a default judgment noting Wells Fargo was served August 20, 2013 and had not responded to the complaint.  In support, he attached a copy of an email from Wells Fargo's counsel confirming the grant of the thirty day extension and the desire to discuss resolution of the

---

[1] Bank of New York Mellon did not refer to Wells Fargo by name but stated no other parties had been served or made an appearance.

matter. Neither service nor waiving service were mentioned therein.

On November 20, 2013, Wells Fargo filed the instant motion to dismiss claiming service was not effected within 120 days; it did not waive service; and, this court was without jurisdiction.

## Law and Analysis

The evidence before the court shows Wells Fargo was not personally served. Dean Morris, LLP was not, and is not, a designated agent for service of process.

Deal contends Wells Fargo waived service within the 120 day period; a claim Wells Fargo flatly denies. The court is without sufficient evidence to decide the issue. However, resolution is immaterial to the issuance of this Report and Recommendation.

Federal Rule of Civil Procedure 4(m)[2] allows the court to exercise discretion and enlarge the time for service to be made. Discretion may be exercised regardless of plaintiff's showing of

---

[2] Rule 4(m) provides in pertinent part:
If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

3

good cause.[3]  Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)(citations omitted).

Deal should be afforded additional time to effect service. He is proceeding *pro se,* and, though he is required to familiarize himself and comply with the rules and orders of this court, mistakes are likely to be made. Additionally, the rules of civil procedure "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.  These objectives are more easily accomplished if Deal is allowed time to serve Wells Fargo than if the court dismissed his claims and he had to refile. Finally, there is no prejudice to Wells Fargo as they have had notice of the suit since September 26, 2013 and nothing has transpired in the matter since that time.

Wells Fargo is reminded that Rule 4(d) states "an individual, corporation or association, that is subject to service under Rule 4(e)(f) or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed.R.Civ.P. 4(d). Not only did Wells Fargo not suggest to Deal, as a *pro se* plaintiff, that it could or would waive service but it has and continues to stand its ground that service was most certainly not waived.  Accordingly, costs

---

[3] Deal contends service upon Dean Morris, LLP was sufficient and, even if it wasn't, Wells Fargo waived service; thus, he does not address good cause. Accordingly, there is no need to address the issue herein.

4

associated with service should be taxed to Wells Fargo.

## CONCLUSION

Considering the foregoing:

IT IS HEREBY RECOMMENDED that Wells Fargo's motion to dismiss be DENIED.

IT IS FURTHER RECOMMENDED that Deal be afforded 30 days within which to effect service of process on Wells Fargo.

IT IS FURTHER RECOMMENDED that costs associated with service of process be taxed to Wells Fargo.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415**

(5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 21st day of March, 2014

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE