UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


DONALD DEAL                              CIVIL ACTION NO. 13-2701            d

VERSUS                                   U.S. DISTRICT JUDGE DEE D. DRELL


BANK OF NEW YORK MELLON         U.S. MAGISTRATE JUDGE JAMES D. KIRK


<u>REPORT AND RECOMMENDATION</u>

Before the court is a  motion for judgment on the pleadings, **Doc. #6**, filed by Bank of New York Mellon (BNY), and a motion to dismiss, **Doc. #38**, filed by defendant Wells Fargo Bank (Wells Fargo) both referred to me by the District Judge for Report and Recommendation.

This is a suit for wrongful eviction filed by pro se plaintiff Donald Deal (Deal).  Deal purchased a house in Alexandria in 2000 signing a note and mortgage for a portion of the purchase price. The mortgage was serviced by America's Servicing Company (ASC), part of Wells Fargo. Deal defaulted on the note in 2009. Shortly thereafter the note was assigned to BNY who instituted a suit for executory process in state court to foreclose on the property. The home was sold at sheriff's sale in August 2012. No defenses were raised in the foreclosure sale by Deal and he made no attempt to enjoin the sale or appeal the order granting the petition for executory process.

Plaintiff filed this suit in August 2013 claiming, among other things, that BNY did not have a proper assignment allowing it to foreclose on the property. BNY removed this suit on the

1

basis of both diversity jurisdiction and federal question jurisdiction. The instant motions followed.

<u>Law and Analysis</u>

In considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. <u>Gines v. D. R. Horton, Inc.</u>, 699 F.3d 812 (5th Cir. 2012).  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995).  While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct.1955 (2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Gines</u>, supra. This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint.  <u>Drewett v. Aetna Cas. & Sur. Co.</u>, 405 F.Supp. 877 (W.D. La. 1975).  In accord, *see* <u>Decker v. Massey-Ferguson, Ltd.</u>, 681 F.2d 111 (2nd Cir. 1982); <u>Elliott v. State Farm Mut. Auto Ins. Co.</u>, 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. <u>Bell</u>, supra.

The standard for considering a motion for judgment on the pleadings under Rule 12 © is the same.

Plaintiffs claims all center around what he claims was a wrongful foreclosure and eviction. However, plaintiff's claims are barred by res judicata. When a state court has rendered final judgment, the federal court must apply the issue preclusion rules of the state in which judgment was rendered.  See 28 U.S.C. §1738; In re Keaty, 397 F.3d 270-271 (5th Cir. 2005); St. Paul Mercury Ins. Co. V. Williamson, 224 F.3d 425 (5th Cir. 2000). In Louisiana, there are only two ways to challenge an order for executory process: an injunction proceeding and a suspensive appeal. La. CCP 2642.[1] Where a party neither enjoins nor appeals, all defenses to the proceeding are waived. Citizens Bank and Trust Co. V. Little Ford, Inc., 522 So.2d 1124 (La. App. 1 Cir. 1988). Plaintiff's failure to enjoin or appeal pretermits the issue of the propriety of the foreclosure. Truong v. Bank of America, N.A., 2013 WL 1809765 (5th Cir. 2013).  Plaintiff's claims have already been litigated in state court, therefore, the propriety of the proceedings may not be re-litigated in this or any other court.

Next, plaintiff asserts an unfair trade practices under Louisiana's Unfair Trade Practices Act. However, the Act specifically exempts federally insured lending institutions such as BNY and Wells Fargo. See LSA-R.S. 51:1406.

Because plaintiff is unable to re-litigate the propriety of the foreclosure, he cannot show wrongful eviction or that punitive damages or damages for mental anguish or emotional distress are owed.

Finally, plaintiff claims a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, et seq., (RESPA) for defendants' having failed to respond to his QWR (qualified

---

[1]  A third way is an action for nullity but that is available only where a party has been prevented from appearing by an illegal act. There are no such allegations here.

written request). However, under RESPA, only the loan servicer is required to respond. BNY was

not the loan servicer, ASC was. And ASC did respond, through the attorneys to whom plaintiff

mailed the QWR. Further, plaintiff has asserted no damage as a result of the alleged violation.

This claim is meritless.

Deal has failed to state a claim against the parties and judgment on the pleadings is

appropriate.

For the foregoing reasons, IT IS RECOMMENDED that the motions to dismiss, doc. #38,

for judgment on the pleadings, doc. #6, be GRANTED and that this case be dismissed with

prejudice.

## <u>OBJECTIONS</u>

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have

fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. No other briefs or responses (such as supplemental

objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he

magistrate judge is neither required nor encouraged. Timely objections will be considered by the

district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN**

**ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED**

**FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT**

**JUDGE.**

Alexandria, Louisiana, June 3, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE